UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL FONSECA ECHARTE,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No. 1:26-cv-01321-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTIONS AS MOOT

(Doc. Nos. 1, 12, 17)

On February 13, 2026, petitioner Angel Fonseca Echarte proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner alleges that he is a citizen of Cuba who entered the United States on or about 1980, he has been subject to a final order of removal since March 16, 2010, on June 21, 2010 ICE released him on an Order of Supervision acknowledging their inability to deport him to Cuba, and on or about January 14, 2026 he was re-detained. (*Id.* at 2.) On February 20, 2026, the court granted petitioner's initial motion for temporary restraining order (Doc. No. 2), enjoining respondents from removing petitioner to Mexico without first allowing him a meaningful opportunity to be heard on his fear based claim before an immigration judge in compliance with due process and

/////

enjoining respondents from removing or deporting petitioner to a third country, including Mexico, absent court order to the contrary. (Doc. No. 10.)

On March 6, 2026, petitioner filed a motion to convert the motion for temporary restraining order into a motion for preliminary injunction. (Doc. No. 12.) On July 1, 2026, petitioner filed a second motion for temporary restraining order, arguing that his detention had now become prolonged. (Doc. No. 17.)

On the same day, the court set a briefing schedule as to petitioner's second motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 18.) In addition, respondents were directed to state any opposition they had to the court's stated intention to rule on the underlying petition based upon the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On July 2, 2026, respondents filed their opposition to the second motion for temporary restraining order. (Doc. No. 19.) Therein, respondents "acknowledge they have not submitted evidence rebutting Petitioner's showing under *Zadvydas*." (*Id.* at 2.) Additionally, "[r]espondents do not oppose the Court resolving the petition." (*Id.* at 1.)

Once a final order of removal has been entered, immigration detainees are subject to a 90-day mandatory detention period. *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). 8 U.S.C. § 1231(a)(6) authorizes discretionary detention "beyond the removal period." 8 U.S.C. § 1231(a)(6). "In *Zadvydas,* the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' and it further held that six months is a presumptively reasonable period[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018) (internal citations omitted). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

/////

Here, it has been almost exactly six months since petitioner was initially detained, and petitioner argues that respondents have failed to provide the process required by the court's order prior to any third country removal. (Doc. No. 17-1 at 1.) Respondents do not argue that petitioner's removal is foreseeable at this time, instead "acknowledge[ing] they have not submitted evidence rebutting Petitioner's showing under *Zadvydas*." (Doc. No. 19 at 2.) Accordingly, the court finds that petitioner's detention has become prolonged, and that the appropriate remedy is petitioner's immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Angel Fonseca Echarte, A-File No. 023-219-910, from respondents' custody on the conditions, if any, he was subject to prior to his detention on or about January 14, 2026;
   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, with the procedure for such hearing set in compliance with 8 U.S.C. § 1231 and its implementing regulations;
   c. Respondents and their officers, agents, employees, and persons acting on its behalf or in concert with them are ENJOINED and RESTRAINED from removing petitioner to a third country without notice and a meaningful opportunity to be heard, following the process set forth in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025);
2. Petitioner's motion to convert the motion for temporary restraining order into a motion for preliminary injunction (Doc. No. 12) is DENIED as having been rendered moot by this order granting his habeas petition on the merits;

/////

3. Petitioner's motion for a temporary restraining order (Doc. No. 17) is DENIED as having been rendered moot by this order granting his habeas petition on the merits;

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **July 16, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE